UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>TRACY COITEUX,<br>Defendant | NO.  CR 21-5184 BHS<br><br>Defendant Tracy Coiteux's Renewed Motion for Acquittal and/or Motion for a New Trial<br><br>Noting Date:  6/17/24 |

### Introduction

Defendant Tracy Coiteux renews her motion for Acquittal under FRCr 29, or in the alternative, moves for a New Trial, following the guilty verdict in this case on 5/23/24.  We maintain there was insufficient evidence to support a conviction on any of the Counts, and there was an insufficient legal basis to bring these charges.  Most of the issues raised in this motion have been previously addressed, and therefore we renew them in a succinct fashion.  The only addition relates to the Government's closing statement, which adds another reason for relief.

1

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

**Facts**

On 5/23/24, the jury returned guilty verdicts on Counts I-XII.  Ms. Coiteux moved for Acquittal at the close of the Government's case, and at the close of all evidence.  This Court denied this motion.

**1.     The Government's Novel Legal Theory for Prosecution is Unsupported by the Statute and Has Only Recently Been Advanced by the EPA**.
Our Motion to Dismiss (Docket 138) notes the absence of statutory language supporting the institution of criminal charges against Ms. Coiteux (as opposed to civil penalties).  The EPA seems to have acknowledged this limitation (civil penalties) for the past half-century, as illustrated by its past memos, which – until recently – made no reference to criminal prosecution.  They instead referenced only civil penalties for tampering with vehicle emission control systems.  See Exhibit 1 (6/25/74 Mobile Source Enforcement Memorandum 1A (June 25, 1974).[1]

On 11/23/20, the EPA advanced a new memo, suggesting federal criminal law *might* apply to tampering of monitoring devices on vehicles.  See EPA Tampering Policy: The EPA Enforcement Policy on Vehicle and Engine Tampering and Aftermarket Defeat Devices under the Clean Air Act, at 2 (Nov. 23, 2020) ("… federal law *might* apply to actions taken in the course of vehicle maintenance or

---

[1] https://www.epa.gov/sites/default/files/documents/tamper-memo1a_0.pdf.

2

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

modification, including the criminal prohibition against tampering with emissions monitoring devices (such as onboard diagnostic systems) in section 113(c)(2)(C) of the Act, 42 USC 7413(c)(2)(C)) (emphasis ours).[2] This noteworthy change arose 30 years after the last changes to the Clean Air Act (CAA) in 1990, and more than a decade after OBD's were required to be installed on light duty trucks in 2008. Aside from the fact this policy change has no support in the statutory language of the CAA, at the very least, it triggers the rule of lenity, as this novel interpretation of the law is not one that a repair shop co-owner would be expected to be aware of, let alone grasp. Indeed, virtually all of the conduct listed in the Second Superseding Indictment occurred prior to the EPA's new (criminal) approach/interpretation of the CAA vis a vis OBD's and motor vehicles. See 2nd SSI, para. 20-22. The few events listed in the 2nd SSI that post-date the EPA's 11/23/20 memo occurred less than 2 months after this memo was issued and without sufficient notice to repair shop co-

---

[2] See https://www.epa.gov/sites/default/files/2020-12/documents/epatamperingpolicy enforcementpolicyonvehicleandenginetampering.pdf; see also EPA, Enforcement Alert, Aftermarket Defeat Devices and Tampering are Illegal and Undermine Vehicle Emissions Controls, at 4–5 (Dec. 2020) found at https://www.epa.gov/sites/default/files/2020 12/documents/tamperinganddefeatdevices-enfalert.pdf.

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

owners like Ms. Coiteux.  In sum, a dramatic change in EPA interpretation and enforcement of the CAA conflicts with every notion of constitutional fairness.

**2.      The Jury Should Have Decided Whether an OBD is a Monitoring Device**

The Court's Final Jury Instructions set forth the elements/findings the jury had to make in order to convict Ms. Coiteux.  For example, Final Instructions No. 16 and 17 stated that the jury had to find that Ms. Coiteux and her co-conspirators agreed to violate the CAA.  To do so, the jury had to find that the co-conspirators tampered with a "monitoring device" required to be maintained under the CAA.  Instruction 19 erroneously stated that an OBD is a monitoring device.  This Instruction was offered by the Government (#21), over our objection (Docket 179, p. 4-5).

This instruction violated the Defendant's right to have a jury decide all elements of the crime.  Similarly, by ruling that an OBD is a monitoring device, our expert (Mr. Garrett) was prevented from offering his opinion reaching the opposite conclusion.  See Docket 142, p. 9 (Garrett Declaration stating "… OBD systems are not individual "monitoring devices"…").  A jury must decide whether the essential elements of a crime have been proven beyond a reasonable doubt and should be allowed to hear conflicting expert testimony on disputed issues.  See e.g. United States v. Gaudin, 515 U.S. 506, 523 (1995) (whether or not a statement is material is an issue for the jury to decide).

4

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

Note that while the Government offered the same instruction adopted by the Court regarding OBD/monitoring device (see Gov't Instruction 21 and Court's Final Instruction 19), it did not move to prevent Mr. Garrett from offering testimony on this issue. Instead, its Motion in Limine (Docket 157) sought to restrict the "legal opinion testimony" of our expert (Mr. Garrett), but made no mention of restricting his opinion that an OBD is not a monitoring device. Indeed, it seemed to acknowledge that he could offer his opinion on this issue from a mechanical standpoint (as opposed to offering legal opinions).[3] This Court's ruling that an OBD is a monitoring device prevented Mr. Garrett from offering critical evidence on a disputed element of the crime.

To analogize, had this case been a civil action, and the Government sought ruling on this issue via a Summary Judgment Motion (Federal Rule of Civil Procedure 56), the motion would have been properly denied, because a genuine issue of material fact existed as to whether an OBD is a monitoring device. We, of course,

---

[3] See Docket 157, p. 8 (Gov't Motion in Limine) ("Similarly, Mr. Garrett intends to testify that an OBD does not fall within the definition of "monitoring device" as used in the Clean Air Act and intended by Congress. While Mr. Garrett may be qualified to testify about what an OBD does from a mechanical perspective, he is not qualified to parse the terms in the Clean Air Act and opine as to their legal meaning or what Congress intended when it used the term "monitoring device." )

5

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

are in a criminal setting, and there is no mechanism for an essential element of a crime to be decided by the Court.

On a related note, the Jury should have been required to find that the defendant, in order to be found guilty, had to know that the OBD was a monitoring device required to be maintained under the CAA.  See Our Rejected Jury Instruction No. 4 and Special Verdict Form.

**3.      Portions of the Government's Closing Statement Was Improper.**
During its closing statement, the Government essentially gave the jury a binary choice:  either the Government witnesses were telling the truth, or the defendant was telling the truth, but both propositions could not be true.  It suggested the jury had to pick a side and the outcome of this issue was dispositive in reaching their verdict.  The Court denied our initial objection to this portion of the closing argument, and this argument continued for the remainder of the Government's closing.  This binary choice was improper and added confusion to the other jury instructions, particularly with regard to the Government's burden of proof.

We provide some examples during closing:

Mr. Wilkinson:  Now the Defendant got up and testified this morning, and she told you the exact opposite of that, and I submit to you the testimony of the defendant and the two employees I just talked about is irreconcilable. They can't both be telling the truth.  Either Mr. Blewitt and Mr. Akerill are

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

lying or the defendant is lying…. One think you might ask yourself is, what possible interest does he have to come in here and lie. Why would he come in here and …

Mr. Brennan: Your honor, I am going to object to vouching

Mr. Wilkinson: That's tied to the evidence, your Honor.

The Court: Overruled.

See Ex. 3 (Closing Transcript p. 7, line 10 to end to p. 8).

During Closing Rebuttal, this topic continued:

Ms. Chang: … you would have to believe that everyone but the defendant lied under oath. You would have to believe that Nick Akerill lied under oath, and you would have to believe that Matt Blewett lied under oath. And say what you will about Nick Akerill, but what possible motive would Matt Blewett have to lie under oath.

Id. at 57 (line 21-end) to 58

Credibility is a matter to be decided by the jury. United States v. Sanchez, 176 F.3d 1214, 1224 (9th Cir.1999). While the Government has wide latitude in arguing at closing argument as to the inferences to be drawn from the evidence, it crosses the line when it argues the only way the defendant may be found innocent is to conclude the "government agents must be lying." United States v. Ruiz, 710 F.3d 1077, 1082-83 (9th Cir. 2013). Id. (citation and internal quotation marks omitted).

7

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

This binary choice relies on "specious reasoning, as it "distorts the burden of proof and misstates the law," as the jury could find that the Government's witnesses were telling the truth, but their testimony was insufficient to convict the defendant beyond a reasonable doubt.  Id. at 1087 (Pregerson, concurring in result but criticizing binary argument by Government in closing).

In the instant case, the Government presented the jury with a false "either/or" proposition – either accept the testimony of the Government witnesses and convict the defendant, or conclude they were lying and find in favor of the defendant. As Judge Pregerson noted, it would be possible to find the Government witnesses were telling the truth, but that their observations were insufficient to convict the defendant.  For example, in a case with tens of thousands of pages of discovery, the jury might conclude that even accepting all witness testimony from both the Government and the Defense, there was still not enough proof to convict.  Or perhaps the jury could find the truth was somewhere in the middle, and again find the Government had not met its burden.  By telling the jury they had to pick a side in terms of credibility, the Government contradicted the jury instructions and its own burden of proof.  Accordingly, a new trial should be ordered.

8

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881

Respectfully submitted this date.

By: /s/Phil Brennan _____
PHIL BRENNAN,
KATIE KAUFFMAN
Attorneys for Ms. Coiteux; Date:  6/5/24

Certification Re: Word Limit

I certify that this memorandum contains roughly 1655 words, well below the limits for motions under the Local Criminal Rules.

/s/ Phil Brennan_____
Phil Brennan
Attorney for Defendant Tracy Coiteux; Date:  6/5/25

9

Rule 29 Motion/New Trial

PHIL BRENNAN, Esq.
P.O. Box 20432
Seattle, WA 98102
(206) 372-5881